# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TONY HULSTEIN,<br><br>        Plaintiff,<br><br>vs.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br><br>        Defendant. | No. C10-4112-PAZ<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT** |

On November 17, 2010, the plaintiff Tony Hulstein filed a Complaint for declaratory and injunctive relief, asking for the production of certain documents from the defendant Drug Enforcement Administration (DEA) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Doc. No. 1. In his Complaint, Hulstein alleges that he properly requested production of the documents from DEA, but DEA only provided him with redacted versions of the documents. He claims the redactions are in violation of the provisions of FOIA.

On December 22, 2011, DEA filed an Answer denying that Hulstein is entitled to unredacted versions of the documents. Doc. No. 3. On January 28, 2011, upon consent of the parties, the matter was transferred to the undersigned to conduct all further proceedings and for the entry of judgment.

On January 27, 2011, Hulstein filed a motion for summary judgment, supported by a brief, a statement of material facts, and an appendix. On February 22, 2011, DEA filed a brief in resistance to the motion, supported by a response to the plaintiff's statement of material facts, a statement of additional material facts, and an appendix. On March 11, 2011, the court heard telephonic arguments by the attorneys for the parties. The court now is ready to rule on the motion.

The motion concerns two documents: a four page "DEA Form 6" (DEA 6) prepared August 13, 2008, and a one-page DEA Form 6 prepared March 13, 1990. DEA produced these documents to Hulstein, but with substantial redactions.[1] In his motion, Hulstein argues that the redactions were not authorized by FOIA. DEA responds that the redacted information is protected from disclosure by one or more of five separate "exemptions" under 5 U.S.C. § 552(b).[2]

Section (b) of FOIA lists nine available exemptions. In the present case, DEA asserts exemptions under subsections (2), (3), (7)(C), 7(D), 7(E), and (7)(F). These exemptions provide that a government agency does not have to disclose matters that are–

> (1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;
> (2) *related solely to the internal personnel rules and practices of an agency*;
> (3) *specifically exempted from disclosure by statute* (other than section 552b of this title), if that statute – (A)(I) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.
> (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;
> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

---

[1] The documents initially were produced on April 12, 2010. On January 18, 2011, DEA produced an amended version of the first two pages of the August 13, 2008, DEA 6, with fewer redactions. In ruling on the pending motion, the court will consider only the amended version of the August 13, 2008, DEA 6. Copies of the redacted DEA 6's are attached to this order.

[2] As discussed below, DEA actually relies on six exemptions.

2

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;
(7) *records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information* (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, *(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy*, *(D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source*, *(E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law*, or *(F) could reasonably be expected to endanger the life or physical safety of any individual*;
(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or
(9) geological and geophysical information and data, including maps, concerning wells.

FOIA § (b) (the exemptions at issue in this case are emphasized).

Earlier this week, in *Milner v. Department of the Navy*, ___ S. Ct. ___, 2011 WL 767699 (March 07, 2011), the United States Supreme Court ruled on the scope of exemption 2. The Court began its analysis by describing the intended scope of FOIA itself:

3

> Congress enacted FOIA to overhaul the public-disclosure section of the Administrative Procedure Act (APA), 5 U.S.C. § 1002 (1964 ed.). That section of the APA "was plagued with vague phrases" and gradually became more "a withholding statute than a disclosure statute." *EPA v. Mink*, 410 U.S. 73, 79, 93 S. Ct. 827, 35 L. Ed. 2d 119 (1973). Congress intended FOIA to "permit access to official information long shielded unnecessarily from public view." *Id.*, at 80, 93 S. Ct. 827. FOIA thus mandates that an agency disclose records on request, unless they fall within one of nine exemptions. These exemptions are "explicitly made exclusive," *id.*, at 79, 93 S. Ct. 827, and must be "narrowly construed," *FBI v. Abramson*, 456 U.S. 615, 630, 102 S. Ct. 2054, 72 L. Ed. 2d 376 (1982).

*Milner*, at *3. The Court observed that its Justices "have often noted 'the Act's goal of broad disclosure' and insisted that the exemptions be 'given a narrow compass.' *Department of Justice v. Tax Analysts*, 492 U.S. 136, 151, 109 S. Ct. 2841, 106 L. Ed. 2d 112 (1989); *see Department of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1, 7-8, 121 S. Ct. 1060, 149 L. Ed. 2d 87 (2001)." *Milner*, at *6.

Applying these principles, the court rules as follows on each of the redactions.

1. Hulstein's motion for summary judgment is **denied**, and summary judgment is **granted** to DEA, with regard to the redaction of the "G-DEP Identifier" on both of the DEA 6's. Hulstein withdrew his motion with regard to those redactions during the hearing.

2. Hulstein's motion for summary judgment is **granted** with regard to each instance in both of the DEA 6's where a DEA agent's (or special agent's) name or signature has been redacted.[3]

---

[3] DEA requested permission to file a supplementary affidavit on this issue. As set forth below in this order, that request is granted. The court *sua sponte* will review its ruling in this order regarding disclosure of the agents' names upon receipt of the supplemental affidavit.

3. Hulstein's motion for summary judgment is **denied**, and summary judgment is **granted** to DEA, with regard to the information in paragraph 10 and information in the Synopsis of the August 13, 2008, DEA 6, that has been redacted on the basis that the information was received from the Secretary of the Treasury under the Bank Secrecy Act, 31 U.S.C. § 5311 (noted on the DEA 6 as "FinCEN b3").[4]

4. Hulstein's motion for summary judgment is **denied**, and summary judgment is **granted** to DEA, with regard to the redactions from paragraph 2 under "Details" of the August 13, 2008, report, except for the redaction of the Special Agent's name, as ordered above.

5. Hulstein's motion for summary judgment is **granted** with regard to the redaction of the first sentence of paragraph 3 under "Details" of the August 13, 2008, report, except for redaction of the database acronym, which is protected from disclosure under the Bank Secrecy Act. His motion is **denied**, and summary judgment is **granted** to DEA, with regard to the remaining redactions in paragraph 3.

6. Hulstein's motion for summary judgment is **denied**, and summary judgment is **granted** to DEA, with regard to all redactions in paragraph 4 under "Details" of the August 13, 2008, report, except for redaction of the agent's name, as ordered above.

7. Hulstein's motion for summary judgment is **denied**, and summary judgment is **granted** to DEA, with regard to all redactions in paragraph 6 under "Details" of the August 13, 2008, report.

---

[4]Title 31 U.S.C. § 5311 provides, "It is the purpose of this subchapter (except section 5315) to require certain reports or records where they have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings, or in the conduct of intelligence or counterintelligence activities, including analysis, to protect against international terrorism." Title 31 U.S.C. §5319 provides, in part, that "a report and records of reports are exempt from disclosure under [FOIA]." Section 5319 relates to any report from the Secretary of the Treasury made available to another agency upon the request of the head of that agency.

8. Hulstein's motion for summary judgment is **denied**, and summary judgment is **granted** to DEA, with regard to all redactions under the "Indexing" heading in the August 13, 2008, report.

9. **By March 18, 2011**, DEA is ordered to submit to the court for *in camera* review unredacted versions of paragraphs 5 and 7 under "Details" of the August 13, 2008, report, and the entirety of the "Details" section of the March 20, 1990, report. The court **reserves** ruling on Hulstein's motion for summary judgment with regard to the redactions in those sections.

Accordingly, Hulstein's motion for summary judgment is **granted in part, denied in part, and reserved in part**, and summary judgment is **granted in part** to DEA, as set forth above. The information the court has ordered DEA to produce to Hulstein **need not be produced** until the court has ruled on the remainder of Hulstein's motion for summary judgment. The court will allow time from the date of such ruling to the date disclosure is required to allow the parties to file any desired appeal.

**IT IS SO ORDERED.**

**DATED** this 11th day of March, 2011.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT